Mark H Hutchings, Esq.
Nevada Bar No. 12783
**HUTCHINGS LAW GROUP, LLC**
300 South 4th Street, Suite 1400
Las Vegas, Nevada 89101
Telephone: (702) 660-7700
Facsimile: (702) 552-5202
MHutchings@HutchingsLawGroup.com

*Attorneys for plaintiff Rhonda Seymour*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RHONDA SEYMOUR, an individual, | Case No. |
| Plaintiff, | Dept. No. |
| v. | **PLAINTIFF'S COMPLAINT FOR:** |
| THE WHITING-TURNER CONTRACTING COMPANY, a foreign corporation; DOES 1-10, business entities, forms unknown; DOES 11-20, individuals; and DOES 21-30, inclusive, | 1. Disability Discrimination (42 U.S.C. § 12112); |
| | 2. Failure to Accommodate Disability (42 U.S.C. § 12112); |
| Defendants. | 3. FMLA Retaliation (29 U.S.C. § 2615); |
| | 4. Retaliation for Engaging in a Protected Activity (NRS 613.340); and |
| | 5. Wrongful Termination in Violation of Public Policy |
| | **AND DEMAND FOR JURY TRIAL** |

**PLAINTIFF'S COMPLAINT**

Plaintiff Rhonda Seymour ("Plaintiff") hereby files this Complaint against The Whiting-Turner Contracting Company, and DOES 1-30 (collectively, "Defendants"). Plaintiff is informed and believes, and based thereon alleges, as follows:

## I. INTRODUCTION

1. Plaintiff files this action to recover damages and remedies afforded by law pursuant to the common law of the State of Nevada, 29 U.S.C. § 2617, 42 U.S.C. § 1981a, 42 U.S.C. § 1988, 42 U.S.C. § 2000e-5, 42 U.S.C. § 12117, and NRS 17.130(2) as a result of Defendant's unlawful, discriminatory, and retaliatory conduct toward Plaintiff.

2. Plaintiff brings this action against Defendant for lost wages including back pay and front pay, emotional distress and other compensatory damages, interest, attorneys' fees and costs, and other appropriate relief for Defendant's unlawful conduct.

## II. PARTIES, JURISDICTION, AND VENUE

3. At all times herein mentioned, plaintiff Rhonda Seymour was an individual residing within the State of Nevada, County of Clark.

4. At all times herein mentioned, defendant The Whiting-Turner Contracting Company was and is a foreign corporation, licensed to do business in the State of Nevada, and were and are doing business therein, including in the County of Clark. At all times herein mentioned, defendant The Whiting-Turner Contracting Company maintained a place of business in the State of Nevada, County of Clark, at 6720 Via Austi Pkwy, #300, Las Vegas, NV 89119.

5. At all times herein mentioned, DOES 1 through 30 were headquartered or residing in the State of Nevada, or licensed to do business or actually doing business therein, including the County of Clark.

6. The true names and/or capacities, whether individual, corporate, associate, or otherwise, of defendants named herein as DOES 1 through 30, inclusive, are unknown to Plaintiff at this time, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes, and based thereon alleges, that each of the defendants designated herein by fictitious name is in some manner responsible for the events and happenings herein referred to, and caused damages proximately and foreseeably to plaintiff as hereinafter alleged. Plaintiff asks leave of the Court to amend this Complaint when the true names and capacities of said defendants have been ascertained.

7. Whenever it is alleged in this Complaint that a party did any act or thing, it is meant that such party's officers, agents, employees, or representatives did such act or thing and at the time such act or thing was done, it was done with full authorization or ratification of such party or was done in the normal and routine course and scope of business, or with the actual, apparent and/or implied authority of such party's officers, agents, servants, employees, or representatives. Specifically, parties are liable for the actions of their officers, agents, servants, employees, and representatives.

8. Each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants as each Defendant has ratified, approved, and authorized the acts of each of the remaining Defendants with full knowledge of said acts, making each of the Defendants an agent of the other and making each of the Defendants jointly responsible and liable for the acts and omissions of each other as alleged herein.

9. Jurisdiction is proper in the United States District Court, District of Nevada, as this Court has jurisdiction over the subject matter of this litigation pursuant to 28 USC 1331 and 42 USC 2000e-5(f)(3), pendant jurisdiction over the state law claims pursuant to 28 USC 1367, and personal jurisdiction over Defendant pursuant to *International Shoe v Washington*, 326 US 310 (1945).

10. Pursuant to 28 USC 1391(b)(2), venue is proper in the United States District Court, District of Nevada, because a substantial part of the events or omissions giving rise to the dispute occurred in Las Vegas, Nevada.

### III. FACTUAL ALLEGATIONS

11. Plaintiff began working for the Defendant as a Project Accountant in Las Vegas, Nevada on October 1, 2014.

12. Defendant employs more than five hundred persons.

13. On April 15, 2017, Plaintiff was diagnosed with having spine issues that affected her ability to perform her job without accommodations.

14. On April 16, 2017, Plaintiff notified Defendant, her employer, of her disability.

15. On May 1, 2017, Plaintiff requested a reasonable accommodation to work from home and for certain accommodations in the office to allow her to work, which were granted.

16. On October 24, 2017, Plaintiff had a medical procedure to address her spine condition, and worked from home afterward.

17. On January 3, 2018, Plaintiff returned to work full time in the office without restrictions.

18. On February 9, 2018, Plaintiff and her supervisor engaged in an email discussion wherein they discussed the significant impairment caused by Plaintiff's continued back pain. Plaintiff's supervisor communicated that she needed Plaintiff to be 100% without any disability so that Plaintiff would be available to do what Plaintiff's supervisor wanted her to do.

19. On February 19, 2018, Plaintiff informed her supervisors that she fell and had to go to the emergency room. As a result of this fall, Plaintiff broke her foot and had to work remotely from home until a cast was placed. Plaintiff requested a special desk that would allow her to stand, which was provided to her.

20. On March 5, 2018, Plaintiff informed her supervisors that she was starting pre-op work for another spinal surgery on March 19, 2018. Plaintiff informed her supervisors that she would be required to stand up periodically while working during her recovery.

21. On March 10, 2018, Plaintiff notified her supervisors that a second spine surgery was scheduled, and that she may need to take 3 months off for recovery. Plaintiff was told that taking this much time off for recovery would not be acceptable.

22. On May 4, 2018, Plaintiff was diagnosed with Crohn's disease.

23. On May 19, 2018, Plaintiff had a second spine surgery and was given 6 weeks short term disability to recover. Plaintiff worked from home after her second surgery.

24. Plaintiff attempted to return to work in the office on August 10, 2018, but was denied return to work by Defendant until Plaintiff could confirm there would be no medical restrictions.

25. On August 25, 2018, Plaintiff requested FMLA forms from Defendant, which were not given to her.

26. On October 3, 2018, Plaintiff returned to work without restrictions.

27. On December 3, 2018, Plaintiff was again placed on short-term disability because of her medical conditions. Plaintiff's short term disability leave lasted from December 4, 2018 through March 6, 2019. The claim was closed on March 7, 2019.

3
**PLAINTIFF'S COMPLAINT**

28. Plaintiff applied for additional disability through her employer in March 2019, which was denied.

29. Plaintiff attempted to return to work either part time or with an accommodation in February 2019, April 2019, and May 2019, but was told she could not return to work unless she could guarantee there would be no restrictions.

30. Plaintiff returned to work on June 3, 2019 without restrictions.

31. Plaintiff was admitted to the hospital on June 23, 2019 for treatment of her medical condition and kept until June 26, 2019, and upon discharge was instructed by her physician to not return to work until July 1, 2019.

32. Plaintiff returned to work on July 1, 2019.

33. Plaintiff's supervisor emailed her on July 18, 2019 and informed her that she had to either go on short-term disability, or FMLA leave, or be discharged. Plaintiff opted to go on short-term disability.

34. Plaintiff reapplied for disability and was again placed on short-term disability with her employer on July 22, 2019.

35. On August 4, 2019, Plaintiff filed a discrimination intake form with the Nevada Equal Rights Commission that stated Defendant was denying her a reasonable accommodation by not allowing her to work with the medical accommodations recommended by her physicians.

36. On October 29, 2019, Plaintiff's physician, Dr. Khavkin, provided her with a note that allowed her to return to work effective November 18, 2019, with a request for a reasonable accommodation that Plaintiff be allowed to stand and walk around as needed to relieve residual pain and stiffness.

37. On October 31, 2019, Plaintiff received a note from her physician, Dr. Parisi, that requested a reasonable accommodation that Plaintiff be allowed frequent bathroom breaks, as needed, and to be able to periodically stand up to relieve pain and stiffness.

38. The notes from Dr. Khavkin and Dr. Parisi were provided to Defendant on or about October 31, 2019.

39. On November 1, 2019, Defendant terminated Plaintiff's employment, claiming her position was no longer available.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

40. On August 4, 2019, Plaintiff submitted a Discrimination Intake Form to the Nevada Equal Rights Commission, Charge Number 34B-2019-01321. A true and correct copy of the Intake Form is attached hereto as "Exhibit 1."

41. On June 25, 2021, Plaintiff received her Right-to-Sue Notice from the Nevada Equal Rights Commission. A true and correct copy of the Right to Sue is attached hereto as "Exhibit 2."

42. Having received a Right to Sue from the Nevada Equal Rights Commission, Plaintiff has fully exhausted available administrative remedies and is authorized by law to bring this action in the Federal District Court.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### DISABILITY DISCRIMINATION
### 42 U.S.C. § 12112

43. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 42 above as though fully set forth herein.

44. 42 U.S.C. §§ 12101, *et seq.*, prohibit discrimination in employment; in particular, 42 U.S.C. § 12112(a) states that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . discharge of employees . . . and other terms, conditions, and privileges of employment."

45. Defendant was at all material times a "covered entity," as defined at 42 U.S.C. § 12111(2).

46. Defendant was at all times relevant hereto, an "employer," as defined at 42 U.S.C. § 12111(5)(A), for the purposes of 42 U.S.C. §§ 12101, *et seq.*, and, as such, was barred from discriminating in employment decisions on the basis of disability.

47. Plaintiff is and was, at all times relevant hereto, a "qualified individual," as defined at 42 U.S.C. § 12111(8), for the purposes of 42 U.S.C. §§ 12101, *et seq.*

48. During Plaintiff's Employment by Defendant, Plaintiff suffered from one or more physical disabilities, as that term is defined at 42 U.S.C. § 12102, which substantially limited one or more of Plaintiff's major life activities, and/or Plaintiff was regarded by Defendant as suffering from one or

more physical disabilities at the time she was discharged by Defendant.

49. Plaintiff was able to perform all of the essential functions of the position she held with Defendant prior to her termination, with reasonable accommodation, as more fully discussed elsewhere herein.

50. Defendant, directly and through their managing supervisors, discriminated against Plaintiff because of her disability and/or perceived disability in violation of 42 U.S.C. §§ 12101, *et seq.*, and related regulations, including without limitation 29 C.F.R. §§ 1630.4(a)(ii) and 1630.4(a)(v), by, *inter alia*, refusing to allow her to work, and by terminating Plaintiff's employment.

51. Plaintiff's disability and/or perceived disability was a substantial motivating factor in Defendant's decision to terminate Plaintiff's employment and to discriminate against Plaintiff in the terms, conditions, or privileges of her employment in violation of 42 U.S.C. § 12112.

52. Defendant authorized and ratified the wrongful acts of its' agents and employees, knew in advance that its' agents and employees were likely to commit such acts and employed those agents with conscious disregard of the rights or safety of others, and/or their officers, directors, or managing agents themselves engaged in malicious, discriminatory conduct toward Plaintiff.

53. As a direct and proximate result of Defendant's unlawful, discriminatory conduct, Plaintiff has suffered and continues to suffer (a) substantial humiliation, serious mental anguish, loss of enjoyment of life, and emotional and physical distress; and (b) loss of past and future earnings, status and future status, and employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory damages pursuant to 42 U.S.C. § 12117(a) and 42 U.S.C. § 2000e-5(g) in an amount to be established according to proof at trial. Plaintiff further seeks an award of pre and post-judgment interest on these amounts pursuant to NRS 17.130(2) and any other applicable provision of law.

54. As more fully set forth elsewhere herein, Defendant's discriminatory conduct toward Plaintiff was intentional and malicious, with a reckless indifference toward Plaintiff's federally protected rights, and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendant, pursuant to 42 U.S.C. § 1981a.

///

55. As a direct and proximate result of Defendant's violation of 42 U.S.C. §§ 12101, et seq., and related regulations, Plaintiff has been compelled to retain the services of counsel and has and will continue to incur legal fees and costs. Plaintiff requests an award of such attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b), 42 U.S.C. § 2000e-5(k) and any other applicable provision of law.

## SECOND CAUSE OF ACTION

## FAILURE TO ACCOMMODATE DISABILITY

## 42 U.S.C. § 12112

56. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 55 above as though fully set forth herein.

57. 42 U.S.C. §§ 12101, et seq., prohibit discrimination in employment; in particular, 42 U.S.C. § 12112(a) states that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . discharge of employees . . . and other terms, conditions, and privileges of employment."

58. 42 U.S.C. § 12112(b)(5) further provides that unlawful discrimination includes, "not making reasonable accommodations to the known physical . . . limitations of an otherwise qualified individual with a disability who is an . . . employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity."

59. Defendant was at all material times a "covered entity," as defined at 42 U.S.C. § 12111(2).

60. Defendant was at all times relevant hereto, an "employer," as defined at 42 U.S.C. § 12111(5)(A), for the purposes of 42 U.S.C. §§ 12101, et seq., and, as such, were barred from discriminating in employment decisions on the basis of disability.

61. Plaintiff is and was, at all times relevant hereto, a "qualified individual," as defined at 42 U.S.C. § 12111(8), for the purposes of 42 U.S.C. §§ 12101, et seq.

62. During Plaintiff's Employment by Defendant, and at the time of her discharge, Plaintiff suffered from one or more physical disabilities, as that term is defined at 42 U.S.C. § 12102, which substantially limited one or more of Plaintiff's major life activities.

///

63. Plaintiff was able to perform all of the essential functions of the position she held with Defendants prior to his termination, with reasonable accommodation, as more fully discussed elsewhere herein.

64. Defendant was notified of Plaintiff's disability, and her requested accommodations, as described more fully elsewhere herein.

65. The accommodation requested by Plaintiff was reasonable, and would not have resulted in an "undue hardship" on Defendant's business, as that term is defined at 42 U.S.C. § 12111(10).

66. Defendant, directly and through its' managing supervisors, discriminated against Plaintiff on the basis of her disability, in violation of 42 U.S.C. §§ 12101, *et seq.*, and related regulations, including without limitation 29 C.F.R. § 1630.9, by, *inter alia*, failing to provide Plaintiff with a reasonable accommodation.

67. Discriminatory animus toward Plaintiff on the basis of her disability was a substantial motivating factor in Defendant's failure to provide Plaintiff with a reasonable accommodation in violation of 42 U.S.C. § 12112.

68. Defendant authorized and ratified the wrongful acts of their agents and employees, knew in advance that their agents and employees were likely to commit such acts and employed them with conscious disregard of the rights or safety of others, and/or their officers, directors, or managing agents themselves engaged in malicious, discriminatory conduct toward Plaintiff.

69. As a direct and proximate result of Defendant's unlawful, discriminatory conduct, Plaintiff has suffered and continues to suffer (a) substantial humiliation, serious mental anguish, loss of enjoyment of life, and emotional and physical distress; and (b) loss of past and future earnings, status and future status, and employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory damages pursuant to 42 U.S.C. § 12117(a) and 42 U.S.C. § 2000e-5(g) in an amount to be established according to proof at trial. Plaintiff further seeks an award of pre and post-judgment interest on these amounts pursuant to NRS 17.130(2) and any other applicable provision of law.

70. As more fully set forth elsewhere herein, Defendant's discriminatory conduct toward Plaintiff was intentional and malicious, with a reckless indifference toward Plaintiff's federally protected rights, and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by

1  Plaintiff. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to
2  punish and make an example out of Defendant, pursuant to 42 U.S.C. § 1981a.

3  71.  As a direct and proximate result of Defendant's violation of 42 U.S.C. §§ 12101, *et seq.*, and
4  related regulations, Plaintiff has been compelled to retain the services of counsel and has and will
5  continue to incur legal fees and costs. Plaintiff requests an award of such attorneys' fees and costs
6  pursuant to 42 U.S.C. § 1988(b), 42 U.S.C. § 2000e-5(k) and any other applicable provision of law.

### THIRD CAUSE OF ACTION
### FMLA RETALIATION
### 29 U.S.C. § 2615

72.  Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 73 above as though fully set forth herein.

73.  29 U.S.C. § 2615 states that it is unlawful for an employer to, ". . . interfere with, restrain, or deny the exercise of or the attempt to exercise . . ." any right provided under 29 U.S.C. §§ 2601, *et seq.*, which mandate provision of unpaid family and medical leave to eligible employees.

74.  Plaintiff, at all times relevant hereto, was an "eligible employee" of Defendant, as defined at 29 U.S.C. § 2611(2).

75.  Defendant was at all material times an "employer," as defined at 29 U.S.C. § 2611(4), and, as such, was barred from retaliating against Plaintiff on the basis of Plaintiff's exercise of the right to family care and medical leave, as prohibited by 29 U.S.C. § 2615 and 29 C.F.R. § 825.220.

76.  Defendant retaliated against Plaintiff on the basis of Plaintiff's exercise of the right to family care and medical leave in violation of 29 U.S.C. § 2615 and related statutes and regulations by engaging in the course of conduct more fully set forth elsewhere herein, and such retaliatory conduct was a substantial factor in causing the harm to Plaintiff alleged herein.

77.  Defendant authorized and ratified the wrongful acts of its' agents and employees, knew in advance that its' agents and employees were likely to commit such acts and employed them with conscious disregard of the rights or safety of others, and/or their officers, directors, or managing agents themselves engaged in intentional, retaliatory conduct toward Plaintiff.

28  / / /

78. As a direct and proximate result of Defendant's unlawful, retaliatory conduct, Plaintiff has suffered and continues to suffer loss of past and future earnings, status and future status, and employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory damages pursuant to 29 U.S.C. § 2617(a)(1)(A) in an amount to be established according to proof at trial. Plaintiff further seeks an award of pre and post-judgment interest on these amounts, pursuant to NRS 17.130(2), 29 U.S.C. § 2617(a)(1)(A)(ii), and any other applicable provision of law.

79. As more fully set forth elsewhere herein, Defendant's retaliatory conduct toward Plaintiff was intentional, and Defendant lacked any good faith basis to believe that such conduct was not a violation of 29 U.S.C. § 2615. Plaintiff is therefore entitled to liquidated damages in an amount equal to the sum of the compensatory damages awarded for Defendant's violation of 29 U.S.C. § 2615, pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii).

80. As a direct and proximate result of Defendant's violation of 29 U.S.C. § 2615 and related regulations, Plaintiff has been compelled to retain the services of counsel and has and will continue to incur legal fees and costs. Plaintiff requests an award of such attorneys' fees and costs pursuant to 29 U.S.C. § 2617(a)(3) and any other applicable provision of law.

## FOURTH CAUSE OF ACTION

### RETALIATION FOR ENGAGING IN A PROTECTED ACTIVITY

### NRS 613.340

81. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 80 above as though fully set forth herein.

82. Nevada Revised Statute 613.340(1) states" It is an unlawful employment practice for an employer to discriminate against any of his or her employees . . ., because the employee . . . has opposed any practice made an unlawful employment practice by NRS 613.310 to 613.4383, inclusive, or because he or she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under NRS 613.310 to 613.4383, inclusive."

///
///
///

83. Nevada Revised Statutes NRS 613.310 to 613.4383, inclusive regulates unlawful discrimination practices by employers within the State of Nevada, and NRS 613.405 to 613.435 provides an administrative scheme that allows affected employees to file a charge with the Nevada Equal Rights Commission.

84. At all relevant times, Plaintiff suffered from a "disability" as that term is defined in NRS 613.310(1).

85. At all relevant times, Defendant was an "employer" as that term is defined in NRS 613.310(2).

86. Plaintiff, at all relevant time, was a "person" as defined by NRS 613.310(6).

87. Defendant discriminated against Plaintiff for engaging in an activity protected under NRS 613.310 to 613.4383, inclusive, to wit, Defendant terminated Plaintiff's employment, or otherwise refused to allow her to return to work, because she made a discrimination charge against Defendant with the Nevada Equal Rights Commission, and such retaliatory conduct was a substantial factor in causing the harm to Plaintiff alleged herein.

88. Defendant authorized and ratified the wrongful acts of their agents and employees, knew in advance that their agents and employees were likely to commit such acts and employed them with conscious disregard of the rights or safety of others, and/or their officers, directors, or managing agents themselves engaged in intentional, retaliatory conduct toward Plaintiff.

89. As a direct and proximate result of Defendant's unlawful, retaliatory and discriminatory conduct, Plaintiff has suffered and continues to suffer loss of past and future earnings, status and future status, and employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory damages in an amount to be established according to proof at trial. Plaintiff further seeks an award of pre and post-judgment interest on these amounts, pursuant to NRS 17.130(2), and any other applicable provision of law.

90. As a direct and proximate result of Defendants' violation of 613.340(1) and related regulations, Plaintiff has been compelled to retain the services of counsel and has and will continue to incur legal fees and costs. Plaintiff requests an award of such attorneys' fees and costs pursuant to any applicable provision of law.

///

## FIFTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

91. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 90 above as though fully set forth herein.

92. Irrespective of any employment contract, Defendant's right to discharge Plaintiff was subject to limits imposed by the public policy of the State of Nevada.

93. It is settled that an employer's discharge of an employee in violation of a fundamental public policy embodied in a constitutional or statutory provision gives rise to a tort action for wrongful termination in violation of public policy.

94. Defendant's discharge of Plaintiff violated the public policy of the State of Nevada, as expressed, for example, in NRS 613.330, NRS 613.340 and in Nevada jurisprudence.

95. Defendant's decision to terminate Plaintiff was substantially motivated by Plaintiff's disability, request for accommodation, and/or use of protected medical leave and the Nevada Equal Rights Commission; as such, there was a causal connection between Plaintiff's protected status and activities and Plaintiff's termination, and the termination was a substantial factor in causing the harm to Plaintiff alleged herein.

96. Plaintiff's complaint for wrongful termination is in the public interest of the citizens of the State of Nevada. It is in the public interest for employees to not be retaliated against, nor to fear retaliation, for exercise of statutory protections. Allowing employers to terminate employees for using statutory schemes like the Family Medical Leave Act or the Nevada Equal Rights Commission results in a chilling effect on the exercise of such rights for fear of economic harm to those employees and their families where such employees choose to exercise such legislatively authorized rights.

97. Defendant authorized and ratified the wrongful acts of their agents and employees, knew in advance that their agents and employees were likely to commit such acts and employed them with conscious disregard of the rights or safety of others, and/or their officers, directors, or managing agents themselves engaged in discriminatory and/or retaliatory conduct toward Plaintiff.

98. As a result of Defendant's unlawful termination of Plaintiff's employment, Plaintiff has suffered and will continue to suffer (a) substantial humiliation, serious mental anguish, and emotional

and physical distress; and (b) loss of past and future earnings, status and future status, and employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory damages in an amount to be established according to proof at trial. Plaintiff further seeks an award of pre and post-judgment interest on these amounts, pursuant to NRS 17.130(2) and any other applicable provision of law.

99. As a further direct and proximate result of Defendant's unlawful conduct, Plaintiff has been compelled to retain the services of counsel and has necessarily incurred, and will continue to incur, attorneys' fees and costs in this action. Plaintiff requests an award of such attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

1. For an award of all actual, consequential, and incidental damages suffered by Plaintiff as a result of Defendants' unlawful conduct, including lost wages, lost employment benefits, mental and emotional distress, and other special and general damages in an amount to be established according to proof at trial;

2. For an award of punitive damages against any and/or all Defendant(s) pursuant to 42 U.S.C. § 1981a(b);

3. For an award of liquidated damages against any and or all Defendant(s) pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), in an amount to be established according to proof at trial;

4. For an award of Plaintiff's attorneys' fees and costs pursuant to 29 U.S.C. § 2617(a)(3), 42 U.S.C. § 1988(b), 42 U.S.C. § 2000e-5(k), and any other applicable statutory or contractual basis;

5. For an award of pre and post-judgment interest pursuant to NRS 17.130(2), 29 U.S.C. § 2617(a)(1)(A)(ii), and any other applicable statutory or contractual basis; and

///
///
///
///
///
///

6. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: August 10, 2021

HUTCHINGS LAW GROUP, LLC

By: *[signature]*
Mark H. Hutchings, Esq.
NV Bar No. 12783
300 South 4th Street, Suite 1400
Las Vegas, NV 89101
Telephone: (702) 660-7700
mhutchings@hutchingslawgroup.com
*Attorneys for plaintiff Rhonda Seymour*

# Exhibit 1

# Exhibit 1



# DETR
Nevada Department of Employment, Training and Rehabilitation

# Discrimination Intake Form

AUG 04 2019 /CH

| Date of Submission: | | 08/04/2019 | |
|---|---|---|---|

348-2019-01321

## Section A

| Mr./Mrs | Ms. | | |
|---|---|---|---|
| First Name | Rhonda | Last name | Seymour |
| Birth Date | 03/21/1968 | Street | 4393 El Cholo Way |
| Apt/Space/Room | | City | Las Vegas |
| State | NV | Zip Code | 89121 |
| Email | | Phone | (702) 559-9582 |
| Cell Phone | (702) 559-9582 | If YES, what language? | |

## Section B

| Company Name | The Whiting-Turner Contracting Co. | Company Phone | (702) 650-0700 |
|---|---|---|---|
| Street | 6720 Via Austi Parkway | Apt/Space/Room | #300 |
| City | Las Vegas | State | NV |
| Zipcode | 89119 | | |

## Section C

| Relationship | Son | Telephone | (702) 302-0059 |
|---|---|---|---|
| First Name | Amanda | Last Name | Silva |
| Street | | Apt/Space/Room | |
| City | | State | NV |
| Zip Code | | | |

## Section D

| Hire Date | 10/01/2016 | Last Date Worked | 07/16/2019 |
|---|---|---|---|
| Date of alleged Discriminatory act | 07/03/2019 | Present/ending position title | Project Accountant |
| Present/Ending Pay $ | 49,000.00 | Per | Annually |

## Section E

| Race | | Color | |
|---|---|---|---|
| Religion | | Disability | Was told that I could not return from short term disability unless I was 100% healed and guaranteed 40 hours a week. I have a chronic serious health condition. Was also told that a doctors note with restrictions/reasonable accomodations for Chron's Disease and Degenitive Spine Disaese would not be accepted. |
| Age | | National Origin | |
| Sex | | Sexual Orientation | |
| Retaliation | | Gender Identity or Expression | I submitted this form on the date indicated above. |

## Section F

| Demotion | | Discharge | 07/19/2019 |
|---|---|---|---|
| Layoff | | Fail to Hire | |

# Exhibit 2

# Exhibit 2



NEVADA EQUAL RIGHTS
COMMISSION

Nevada Department of Employment,
Training and Rehabilitation

STEVE SISOLAK
Governor

ELISA CAFFERATA
Director

KARA M. JENKINS
Administrator

June 25, 2021

Mark H. Hutchings, Esq.
Hutchings Law Group, LLC
552 E. Charleston Blvd.
Las Vegas, NV 89104   via email only

RE:   Rhonda Seymour   vs   The Whiting-Turner Contracting Co.
      NERC No. 1029-19-0585L      EEOC No. 34B-2019-01321C

Dear Mr. Hutchings:

On June 9, 2021, you and your client were notified that the Nevada Equal Rights Commission was unable to substantiate her allegations of discrimination and/or retaliation and she was provided fifteen (15) days to seek reconsideration of this decision. As your client has not sought reconsideration, her case has been closed.

**Your client may request a substantial weight review of NERC's findings by the federal Equal Employment Opportunity Commission (EEOC), Los Angeles District Office, located at 255 E. Temple Street, 4th floor, Los Angeles, CA 90012. This request must be made in writing within 15 days of the date of this letter.**

**Right-to-Sue Notice:** This letter constitutes your client's state Right-to-Sue Notice.

Please be advised that the NERC's adverse determination does not preclude your client from filing a lawsuit in state court pursuant to Nevada Revised Statutes (NRS) 613.420.

Section 613.420 of the Nevada Revised Statutes provides in part: "If the Nevada Equal Rights Commission does not conclude that an unfair employment practice . . . has occurred, the Commission shall issue a right-to-sue notice. . . the person alleging such a practice has occurred may bring a civil action in district court not later than 90 days after the date of receipt of the right-to-sue notice..."

NRS 613.430 provides the following timeframes to file in state court, "No action authorized by NRS 613.420 may be brought more than 180 days after the date of the act complained of or more than 90 days after the date of the receipt of the right-to-sue notice...whichever is later. When a complaint is filed with the Nevada Equal Rights Commission, the limitation provided by this section is tolled as to any action authorized by NRS 613.420 during the pendency of the complaint before the Commission."

Rhonda Seymour vs The Whiting-Turner Contracting Co.
NERC No. 1029-19-0585L
EEOC No. 34B-2019-01321C
Page 2 of 2

Thank you for the patience and cooperation your client has given NERC during her case investigation and processing.

Sincerely,

*Darrell K. Harris*

Darrell K. Harris
Supervisory Compliance Investigator

cc: Rhonda Seymour